## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Beattie B. Ashmore, In His Capacity as | ) | Civil Action No. 8:15-cv-04487-JMC |
| Court-Appointed Receiver for Ronnie Gene | ) | |
| Wilson and Atlantic Bullion and Coin, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Dewey Barber, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Beattie B. Ashmore ("Plaintiff"), in his capacity as court-appointed Receiver for

Ronnie Gene Wilson ("Wilson") and Atlantic Bullion and Coin, Inc. ("AB&C"), filed the instant

action against Defendant Dewey Barber ("Defendant") to recover grossly excessive payments

received by Defendant as a return on his investment in the Wilson-AB&C Ponzi scheme.[1] (ECF

No. 1.)

This matter is before the court as a result of Defendant's Motion to Dismiss pursuant to

Rules 12(b)(2), 12(b)(3), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF

No. 7.) Plaintiff opposes Defendant's Motion to Dismiss in its entirety. (ECF No. 9.) For the

reasons set forth below, the court **DENIES WITHOUT PREJUDICE** Defendant's Motion to

Dismiss.

---

[1]"A Ponzi scheme is a fraudulent investment program in which funds are paid in by investors and
later investors['] funds are used to pay out nonexistent phantom profits to the original investors,
thus creating the illusion that the fraudulent investment program is a successful, profit generating
enterprise which, in turn attracts new investment funds that are used to sustain the fraudulent
program." United States v. Wilson, Cr. No. 8:12-cr-00320-JMC, ECF No. 1-1 at 2 ¶ 6 (D.S.C.
Apr. 4, 2012). In Wilson, the United States alleged that Wilson, through AB&C, "orchestrated a
Ponzi scheme whereby he led investors to believe that he was investing their money in silver,
when, in fact, Wilson was not buying silver but using the money for his personal gain . . . [and]
[t]o keep the Ponzi scheme going, Wilson also made payments to earlier investors to whom
Wilson made representations that their investments were earning high rates of return–sometimes
in excess of 200 percent. Id. at ECF No. 17 at 1.

## I.      RELEVANT BACKGROUND TO PENDING MOTION

Plaintiff is the court appointed Receiver in In Re: Receiver for Ronnie Gene Wilson and Atlantic Bullion & Coin, Inc., C/A No. 8:12-cv-02078-JMC, ECF No. 1 (D.S.C. July 25, 2012), a case related to the instant matter. Plaintiff alleges that "[o]n October 21, 2008, Defendant made an 'investment' [in the Wilson-AB&C Ponzi scheme] of $31,280.00." (ECF No. 1 at 4 ¶ 24.) Subsequently, "Defendant received $74,260.00 in returns [from the Wilson-AB&C Ponzi scheme] on March 1, 2010, resulting in a profit of $42,980.00." (Id. at ¶ 25.)

Based on his appointment as Receiver tasked with "locating, managing, recouping, and distributing the assets of the Wilson-AB&C investment scheme," Plaintiff commenced the instant action against Defendant on November 5, 2015, asserting claims for fraudulent transfer (in violation of the Statute of Elizabeth, S.C. Code Ann. § 27-23-10 (2014) and/or the Georgia Uniform Fraudulent Transfer Act, Ga. Code Ann. §§ 18-2-70–18-2-80 (2010)) and unjust enrichment. (ECF No. 1 at 1 ¶ 1 & 6 ¶ 37–7 ¶ 51.) On January 4, 2016, Defendant filed the instant Motion to Dismiss. (ECF No. 7.) Thereafter, on January 22, 2016, Plaintiff filed a Memorandum in Opposition to Defendant's Motion to Dismiss (ECF No. 9).

## II.      JURISDICTION

The court has jurisdiction over this matter under 28 U.S.C. § 1331 pursuant to Plaintiff's allegation that the Complaint "is so related to the In Re Receiver, 8:12-CV-2078-JMC case and the underlying criminal case, United States v. Wilson, et al, 8:12-cr-00320[,]" cases in which the court has jurisdiction, "that it forms part of the underlying case or controversy." (ECF No. 1 at 1 ¶ 3.) The court may properly hear Plaintiff's state law claims for fraudulent transfer and unjust enrichment based on supplemental jurisdiction since these claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."

28 U.S.C. § 1367(a).

### III.    LEGAL STANDARD

A.    <u>Motion to Dismiss for Lack of Personal Jurisdiction</u>

When a defendant challenges the court's personal jurisdiction under Rule 12(b)(2), plaintiff has the burden of proving that jurisdiction exists "by a preponderance of the evidence." <u>In re Celotex Corp.</u>, 124 F.3d 619, 628 (4th Cir. 1997).  "[W]hen, as here, a district court rules on a Rule 12(b)(2) motion without conducting an evidentiary hearing or without deferring ruling pending receipt at trial of evidence relevant to the jurisdictional issue, but rather relies on the complaint and affidavits alone, 'the burden on the plaintiff is simply to make a prima facie showing of sufficient jurisdictional basis in order to survive the jurisdictional challenge.'"  <u>Id.</u>; <u>see also</u> <u>New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.</u>, 416 F.3d 290, 294 (4th Cir. 2005) (noting that a plaintiff need only make a prima facie showing of jurisdiction when the court does not conduct an evidentiary hearing).  In deciding whether plaintiff has met this burden, the court construes all disputed facts and draws all reasonable inferences from the proof in favor of jurisdiction.  <u>Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.</u>, 334 F.3d 390, 396 (4th Cir. 2003); <u>Mylan Labs., Inc. v. Akzo, N.V.</u>, 2 F.3d 56, 60 (4th Cir. 1993).  In ruling on a motion to dismiss for lack of personal jurisdiction, the court may consider evidence outside of the pleadings, such as affidavits and other evidentiary materials, without converting the motion to dismiss into a motion for summary judgment.  <u>Magic Toyota, Inc. v. Se. Toyota Distribs., Inc.</u>, 784 F. Supp. 306, 310 (D.S.C. 1992).

B.    <u>Motion to Dismiss for Improper Venue</u>

A motion to dismiss for improper venue is brought pursuant to Rule 12 of the Federal Rules of Civil Procedure.  "Unlike a Rule 12(b)(6) motion, evidence outside the pleadings may

be 'freely consider[ed]' in ruling on a Rule 12(b)(3) motion." <u>Am. Ins. Mktg. Corp. v. 5 Star Life Ins. Co.</u>, 958 F. Supp. 2d 609, 612 (D. Md. July 26, 2013) (citing <u>Sucampo Pharms., Inc. v. Astellas Pharma</u>, Inc., 471 F.3d 544, 550 (4th Cir.2006)).  "A plaintiff is obliged, however, to make only a prima facie showing of proper venue in order to survive a motion to dismiss." <u>Aggarao v. MOL Ship Mgmt. Co., Ltd.</u>, 675 F.3d 355, 366 (4th Cir. 2012) (citation omitted).  In assessing whether the plaintiff has made this showing, courts must "view the facts in the light most favorable to the plaintiff." <u>Id.</u> (citation omitted).

C.    <u>Motion to Dismiss for Insufficient Service of Process</u>

The court has the discretion to dismiss a case under Fed. R. Civ. P. 12(b)(5) for insufficient service of process.  <u>Reinhold v. Tisdale</u>, C/A No. 8:06-3311-MBS-BHH, 2007 WL 2156661, at *3 (D.S.C. Apr. 30, 2007) (citing <u>Dimensional Commc'ns, Inc. v. OZ Optics, Ltd.</u>, 218 F. Supp. 2d 653, 655 (D.N.J. 2002)).   "When personal jurisdiction is challenged as a result [of] alleged improper service, '[a] trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment.'" <u>Lail v. United States</u>, C/A No. 3:11-cv-0977-TLW-TER, 2012 WL 3779386, at *6 (D.S.C. Aug. 10, 2012) (citing <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982)).  Sufficiency of service of process is generally governed by Fed. R. Civ. P. 4.

D.    <u>Motion to Dismiss for Failure to State a Claim</u>

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint."  <u>Francis v. Giacomelli</u>, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); <u>see also</u> <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally

sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

## IV.    ANALYSIS

A.    Dismissal for Lack of Personal Jurisdiction

### 1. The Parties' Arguments

Defendant first argues that the court lacks personal jurisdiction over him because Plaintiff failed to timely file copies of the Complaint and the Order of Appointment in the Southern District of Georgia within 10 days of his appointment. (ECF No. 7 at 5–7.) In support of this argument, Defendant asserts that the Order of Appointment was executed on July 25, 2012 and the Complaint and Order of Appointment were filed in the Southern District of Georgia on August 7, 2012, which is 13 days later. (Id. at 6.) Defendant further asserts that pursuant to the jurisdictional prerequisites of 28 U.S.C. § 754, Plaintiff's late filing divests him of "jurisdiction

and control over any property in the Southern District of Georgia."  (Id.)    Additionally, Defendant asserts that Plaintiff cannot benefit from the Amended Orders of Appointment entered by the court because he failed to file any of the subsequent Orders.  (Id. at 7.)

Defendant next argues that without jurisdiction under § 754, the court does not have personal jurisdiction over him.  Specifically, Defendant asserts that personal jurisdiction is lacking because (1) he neither transacted business nor caused harm in South Carolina such that he implicated the provisions of South Carolina's Long Arm Statute, S.C. Code Ann. § 36-2-803 (2005), (2) he did not purposefully avail himself of the privilege of conducting activities in South Carolina, and (3) he should not be subjected to the court's exercise of jurisdiction that would be constitutionally unreasonable.  (ECF No. 7 at 8–13 (citations omitted).)

Plaintiff argues that Defendant's Motion should be denied because he timely filed an Amended Order of Appointment and Criminal Information in the Southern District of Georgia within 10 days of his amended appointment as required by 28 U.S.C. § 754.  (ECF No. 9 at 4.) Plaintiff further argues that "Defendant cites to no authority . . . that every amended order of appointment must be filed in every federal district court in which the Receiver asserts . . . jurisdiction."  (Id. at 4–5.)  As a result of the foregoing, Plaintiff asserts that because he "fully and properly complied with section 754, the Court has personal jurisdiction over Defendant and venue is proper in South Carolina."  (ECF No. 9 at 5.)

  2.  *The Court's Review*

Defendant moves for dismissal on the basis that in personam jurisdiction over him is lacking because Plaintiff failed to comply with the filing requirements of 28 U.S.C. § 754.[2] (ECF No. 7 at 5–7.)

---

[2] 28 U.S.C. § 754 provides as follows:

In this matter, the court appointed Plaintiff Receiver on July 25, 2012.  In Re: Wilson, C/A No. 8:12-cv-02078-JMC, ECF No. 1.  Plaintiff filed copies of the Order Appointing Receiver and the Criminal Information regarding the Wilson-AB&C Ponzi scheme in the United States District Court for the Southern District of Georgia, where Defendant is located, on August 7, 2012.[3]  Ashmore v. Wilson, M/C No. 4:12-mc-00020-WTM, ECF No. 1 (S.D. Ga. Aug. 7, 2012).  Approximately 3 years thereafter, the court entered a Fourth Amended Order of Appointment as to Plaintiff on October 29, 2015.  In Re: Wilson, C/A No. 8:12-cv-02078-JMC, ECF No. 164.  On November 2, 2015, Plaintiff filed copies of the Fourth Amended Order Appointing Receiver and the Criminal Information regarding the Wilson-AB&C Ponzi scheme

---

A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof.

He shall have capacity to sue in any district without ancillary appointment, and may be sued with respect thereto as provided in section 959 of this title.

Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.

Id. at § 754.  28 U.S.C. § 1692 further provides that "[i]n proceedings in a district court where a receiver is appointed for property, real, personal, or mixed, situated in different districts, process may issue and be executed in any such district as if the property lay wholly within one district, but orders affecting the property shall be entered of record in each of such districts."  Id. "Through the interaction of sections 754 and 1692 the receivership court acquires both in rem and in personam jurisdictions in all districts where section 754 filings are timely made." Quilling v. Cristell, No. Civ.A. 304CV252, 2006 WL 316981, at *2 (W.D.N.C. Feb. 9, 2006). Specifically, the receiver establishes "personal jurisdiction over non-forum defendants in the receivership court pursuant to Rule 4(k)(1)(C) because 28 U.S.C. § 1692 authorizes nationwide service of process, provided the assertion of jurisdiction is compatible with due process under the Fifth Amendment of the United States Constitution."  Yancy v. Int'l Fid. Ins. Co., Case No. 1:16-cv-0057, 2016 WL 2997375, at *3 (E.D. Va. May 25, 2016) (citation omitted).
[3] The court observes that correspondence attached to the filing was dated August 1, 2012. Ashmore v. Wilson, M/C No. 4:12-mc-00020-WTM, ECF No. 1-4 (S.D. Ga. Aug. 7, 2012).

in the United States District Court for the Southern District of Georgia.  In Re: Receiver for Ronnie Gene Wilson and Atlantic Bullion & Coin, Inc., M/C No. 4:15-mc-00019-WTM, ECF No. 1 (S.D. Ga. Nov. 2, 2015).

Upon review of the aforementioned chronology, the court concludes that Plaintiff has satisfied the 10-day filing requirement of § 754.  The court reaches this conclusion because it considers Plaintiff's November 2, 2015 filing to be timely under § 754 as to Defendant.  In this regard, the court views the filing of the Fourth Amended Order of Appointment as an act that restarts the statutory 10-day clock.  See, e.g., SEC v. Vision Commc'ns, Inc., 74 F.3d 287, 291 (D.C. Cir. 1996) ("[T]he court may reappoint the receiver and start the ten-day clock of § 754 ticking once again."); SEC v. Equity Serv. Corp., 632 F.2d 1092, 1095 (3d Cir. 1980) ("Viewing the purpose of section 754 in this light, it seems most consistent with that purpose to permit a receiver who has failed to file within the ten-day period to reassume jurisdiction by a later filing, as long as the rights of others have not been prejudiced during the intervening period.").[4]

Therefore, upon consideration of the foregoing, the court finds that the statutory requirements for personal jurisdiction over Defendant under § 754 are satisfied and he is not entitled to dismissal of the action under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

B.     Dismissal for Improper Venue

  1.  The Parties' Arguments

Defendant argues that he is entitled to dismissal of the action because venue is improper pursuant to 28 U.S.C. § 1391.  (ECF No. 7 at 3.)  In this regard, Defendant asserts that because Plaintiff failed to timely file the Complaint and Order of Appointment, venue is proper in the Southern District of Georgia where (1) "a substantial part of the events giving rise to the alleged

---

[4] Defendant did not expressly address prejudice resulting from the later filing and the requisite prejudice to Defendant is not apparent from the record.

claims . . . occurred" and (2) "the property that is subject of the action . . . is situated." (Id. at 4.)

### 2. *The Court's Review*

Because the court concluded above that the statutory requirements are satisfied for personal jurisdiction over Defendant under § 754, venue is proper in the District of South Carolina. Yancy v. Int'l Fid. Ins. Co., Case No. 1:16-cv-0057, 2016 WL 2997375, at *5 (E.D. Va. May 25, 2016) ("This case need not satisfy the section 1391(b) general venue requirements, however, because this proceeding is ancillary to the appointment of a receiver and personal jurisdiction is proper.) (citing, e.g., Scholes v. Lehmann, 56 F.3d 750, 753 (7th Cir. 1995) ("The laying of venue . . . is authorized by 28 U.S.C. § 754, which allows a receiver to sue in the district in which he was appointed to enforce claims anywhere in the country."))[5]

### C. Dismissal for Insufficient Service of Process

### 1. *The Parties' Arguments*

Defendant argues that Plaintiff's service of process was insufficient under Rule 4 of the Federal Rules of Civil Procedure. (ECF No. 7 at 14.) Specifically, Defendant asserts that

---

[5] In Yancy, the court effectively described how § 754 is used in conjunction with 28 U.S.C. § 1692 to establish personal jurisdiction:

> First, a "receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall . . . be vested with complete jurisdiction and control of all such property with the right to take possession thereof" if the receiver files copies of the complaint and order of appointment in the district where the property is located within ten days of his appointment. 28 U.S.C. § 754. By making those timely filings, the receiver acquires in rem jurisdiction over the receivership property. The receiver may then establish personal jurisdiction over non-forum defendants in the receivership court pursuant to Rule 4(k)(1)(C) because 28 U.S.C. § 1692 authorizes nationwide service of process, provided the assertion of jurisdiction is compatible with due process under the Fifth Amendment of the United States Constitution.

Yancy, 2016 WL 2997375, at *3 (citing ESAB Grp., Inc. v. Centricut, Inc., 126 F.3d 617, 626 (4th Cir. 1997); Terry v. Modern Inv. Co., No. 3-04cv00085, 2005 WL 1154274, at *4 (W.D. Va. May 11, 2005)).

Plaintiff's attempt at substitute service fails because process "was not made to any person but was tossed on the floor through a partially opened door." (Id. at 14–15 & 92 ¶ 9.)

Plaintiff opposes Defendant's Motion on the basis that service was proper in the context of Rule 4(e)(2)(B) of the Federal Rules of Civil Procedure.[6] (ECF No. 9 at 3.) In support of his position, Plaintiff points out that Defendant was home at the time of service, but he would not come to the door, and the documents had to be placed at his wife's feet because she refused to receive service in her hands. (Id. (citing ECF No. 5-1).)

### 2. The Court's Review

The court has the discretion to dismiss a case under Fed. R. Civ. P. 12(b)(5) for insufficient service of process. Reinhold v. Tisdale, C/A No. 8:06-3311-MBS-BHH, 2007 WL 2156661, at *3 (D.S.C. Apr. 30, 2007) (citing Dimensional Commc'ns, Inc. v. OZ Optics, Ltd., 218 F. Supp. 2d 653, 655 (D.N.J. 2002)). "When personal jurisdiction is challenged as a result [of] alleged improper service, '[a] trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment.'" Lail v. United States, C/A No. 3:11-cv-0977-TLW-TER, 2012 WL 3779386, at *6 (D.S.C. Aug. 10, 2012) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). Sufficiency of service of process is generally governed by Fed. R. Civ. P. 4.

Under Rule 4 of the Federal Rules of Civil Procedure, service of process on an individual can be accomplished by "leaving a copy of . . . [the summons and the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there . . . ." Fed. R. Civ. P. 4(e)(2)(B). When a defendant challenges the manner or

---

[6] "Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by: . . . (2) doing any of the following: . . . (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; . . . ." Fed. R. Civ. P. 4(e)(2)(B).

sufficiency of service of process, "[t]he plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003) (citing Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996)). "In determining whether the plaintiff has satisfied his burden, the technical requirements of service should be construed liberally as long as the defendant had actual notice of the pending suit." Id. (citing Karlsson v. Rabinowitz, 318 F.2d 666, 668–69 (4th Cir. 1963)).

Upon review of the record, the court finds that Plaintiff completed service of process on Defendant. Specifically, Plaintiff accomplished service on December 9, 2015, when his process server personally delivered a copy of the Summons and Complaint to Defendant's wife, Mrs. Dewey Barber, by placing the documents at her feet because she refused to accept the papers in her hand. (ECF No. 5-1.) Because there is no information before the court that either Defendant's wife was of an unsuitable age to accept service or service occurred at a place that was not Defendant's residence or usual place of abode, the court considers service properly effectuated. E.g., United States v. Halajian, 1:15-cv-00632-LJO-EPG, 2015 WL 9809792, at *1 n.1 (E.D. Cal. Dec. 22, 2015) ("Although the process server was unable to effect in-hand service upon the Respondent because of Respondent's refusal to accept the process envelope, the Petitioner substantially complied with Fed. R. Civ. P. 4 when the process server placed the process envelope on the floor, at the Respondent's feet, constituting valid service.") (citation omitted). Accordingly, Defendant is not entitled to dismissal for insufficient service of process.

D.    Dismissal for Failure to State a Claim

   1. The Parties' Arguments

Defendant contends that the matter should be dismissed because the claims asserted by

Plaintiff are foreclosed by the applicable statutes of limitations. (ECF No. 7 at 16.) Specifically, Defendant asserts that there is a 3 year statute of limitations on the claims for unjust enrichment and fraudulent conveyance in violation of the Statute of Elizabeth and a 4 year statute of limitations for a violation of the Georgia Uniform Fraudulent Transfer Act ("GUFTA"). (Id. (citing S.C. Code Ann. § 15-3-530(1), (7); Ga. Code Ann. § 18-2-79).) Defendant further asserts that because he received the return on his investment on March 1, 2010 (ECF No. 1 at 4 ¶ 25) and Plaintiff was initially appointed Receiver on April 11, 2012, the action against him is untimely as to all claims because the Complaint was not filed until November 5, 2015. (ECF No. 7 at 17.)

In response to Defendant's contentions regarding the timeliness of the lawsuit, Plaintiff asserts that the Complaint was filed within 3 years 5 months of his appointment which "is well within a reasonable amount of time for the Receiver to locate, secure, and analyze the wealth of documents and files from AB&C, the United States Secret Service, Wilson and numerous financial institutions to discover the possibility of a lawsuit against Defendant." (ECF No. 9 at 7.) Additionally, Plaintiff argues that "the issues presented by Defendant in relation to the statute of limitations involve issues of fact and are not appropriately raised in a motion pursuant to Rule 12 of the Federal Rules of Civil Procedure." (ECF No. 9 at 7.)

Defendant next contends that it is entitled to Rule 12(b)(6) dismissal of the claim for fraudulent conveyance because (1) a claim under the GUFTA is inappropriate in the United States District Court for the District of South Carolina because the Georgia statute "does not apply . . . without a contract or express authority"; (2) the Complaint's allegations do not demonstrate that Wilson-AB&C's intent to defraud is imputable to Defendant; and (3) Plaintiff failed to plead with particularity "the place or the substance of the fraudulent conveyance" as

required by Rule 9(b) of the Federal Rules of Civil Procedure.  (ECF No. 7 at 17–20.)  Finally, Defendant contends that he is entitled to Rule 12(b)(6) dismissal of the unjust enrichment claim because Plaintiff failed to plead that Defendant had a duty to Plaintiff.  (ECF No. 7 at 18.)

As to these contentions, Plaintiff simply responds that he has adequately pleaded claims for unjust enrichment and fraudulent conveyance in violation of the Statute of Elizabeth.  (ECF No. 9 at 7–8.)

   *2.  The Court's Review*

Defendant moves to dismiss the Complaint arguing that Plaintiff's claims are time-barred based on the applicable statutes of limitations.  (ECF No. 7 at 16.)

A defendant can raise a statute of limitations affirmative defense in a motion under Federal Rule of Civil Procedure 12(b)(6).  El Hadidi v. Intracoastal Land Sales, Inc., C/A No. 4:12-cv-00535-RBH, 2013 WL 625575, at *2 (D.S.C. Feb. 20, 2013).  A statute of limitations defense must "clearly appear[] on the face of the complaint."  Richmond, Fredricksburg & Potomac R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993).  In other words, the complaint must clearly "allege all facts necessary to the affirmative defense."  Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (citing Forst, 4 F.3d at 250).

In ascertaining whether Plaintiff's claims are time-barred, the court observes that it is governed by a three-year statute of limitations in South Carolina for both of Plaintiff's claims.[7] S.C. Code Ann. § 15-3-530(1), (7) (2016); see also Rumpf v. Mass. Mut. Life Ins. Co., 593 S.E.2d 183, 187 (S.C. Ct. App. 2004) (stating "[i]n determining when a cause of action arose under section 15-3-530, we apply the 'discovery rule'") (citations omitted).  This statute of

---

[7] The court notes that if Plaintiff's claim for fraudulent conveyance in violation of the Statute of Elizabeth is found to be timely in the context of a 3-year statute of limitations, obviously the claim would be timely if choice of law principles require the court to adjudicate the claim as a violation of the GUFTA and its 4-year statute of limitations.

limitations is modified by the "discovery rule" wherein "the statute of limitations [only] begins to run from the date the injured party either knows or should know, by the exercise of reasonable diligence, that a cause of action exists for the wrongful conduct." True v. Monteith, 489 S.E.2d 615, 616 (S.C. 1997).

Plaintiff was appointed Receiver in this matter on July 25, 2012. In Re: Wilson, C/A No. 8:12-cv-02078-JMC, ECF No. 1. Plaintiff filed the Complaint against Defendant on November 5, 2015 (ECF No. 1), more than 3 years after the date he was appointed Receiver by the court. Based on the foregoing, the applicable statute of limitations in South Carolina bars Plaintiff's claims against Defendant unless the discovery rule tolled the limitations period. At this stage of the litigation, and after viewing the Complaint's allegations in the light most favorable to Plaintiff, the court is unable to determine from the Complaint's allegations that Plaintiff knew or reasonably should have known of the claims against Defendant on the date the court appointed Plaintiff as Receiver. E.g., Taylor v. U.S. Bank Nat'l Ass'n, C/A No. H-12-3550, 2015 WL 507526, at *7 (S.D. Tex. Feb. 6, 2015) ("Therefore, to prevail on a statute of limitations defense when the discovery rule has been asserted in a receivership case, the defendant must present evidence to conclusively show that the receiver knew or could have reasonably known about the harm and for a time period longer than the statute of limitations before he filed suit.") (citing Janvey v. Democratic Senatorial Campaign Comm., Inc., 712 F.3d 185, 193–94 (5th Cir. 2013)). Accordingly, the court finds that Defendant is not entitled to dismissal of the Complaint based on the statute of limitations.

As to Defendant's contention that Plaintiff failed to adequately plead his claims, the court observes that Fed. R. Civ. P. 8(a) only requires "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 663 (quoting Twombly,

550 U.S. at 570). Therefore, without addressing the ultimate merit of Plaintiff's claims, the court finds that Plaintiff's Complaint adequately alleges facts, taken as true, which demonstrate that Defendant was a grossly-excessive beneficiary of the Wilson-AB&C Ponzi scheme such that he may be liable for unjust enrichment and/or fraudulent conveyance. (E.g., ECF No. 1 at 4 ¶ 24–5 ¶ 26 & 6 ¶ 38–7 ¶ 51.) Accordingly, Defendant is not entitled to dismissal of the Complaint under Fed. R. Civ. P. 12(b)(6).

## V.    CONCLUSION

Upon careful consideration of the parties' arguments and for the reasons set forth above, the court hereby **DENIES WITHOUT PREJUDICE** the Motion to Dismiss pursuant to Rules 12(b)(2), 12(b)(3), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 7) of Defendant Dewey Barber.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

September 1, 2016
Columbia, South Carolina