# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Beattie B. Ashmore, *in his Capacity as Court-Appointed Receiver for Ronnie Gene Wilson and Atlantic Bullion & Coin, Inc.*, | ) ) ) ) |
| Plaintiff, | ) Civil Action No.: 8:15-cv-04487-JMC ) ) |
| v. | ) **ORDER** ) |
| Dewey Barber, | ) ) ) |
| Defendant. | ) ) |

This matter is before the court upon review of Magistrate Judge Jacquelyn Austin's Report and Recommendation ("Report") (ECF No. 42), filed on July 12, 2017, recommending that, pursuant to Federal Rule of Civil Procedure 55(c), Plaintiff's Motion for Default Judgment (ECF No. 34) be denied, Defendant's Motion for Extension of Time to Answer (ECF No. 37) be granted, the Clerk's entry of default be set aside, and Defendant be ordered to file an answer to Plaintiff's Complaint in a shortened response period.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. See Matthews v. Weber, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). However, neither party has filed any objections to the Report

within the allotted time.[1] See 28 U.S.C. § 636(b)(1).

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond, 416 F.3d at 315 (quoting Fed R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. The court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 42), **DENIES** Plaintiff's Motion for Default Judgment (ECF No. 34), **GRANTS** Defendant's Motion for Extension of Time to Answer (ECF No. 37), and **ORDERS** the Clerk to set aside the entry of default entered on December 20, 2016 (ECF No. 32).[2]

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 9, 2017
Columbia, South Carolina

---

[1] Because no notice was given to Defendant, who is proceeding *pro se*, the court cannot confirm that Defendant was aware of his right to file objections to the Report and Recommendation and will entertain any subsequent objections to the Report by Defendant as an appropriately-filed motion for reconsideration of this Order. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

[2] The court observes that Defendant filed his Answer to Complaint and Counterclaim on July 12, 2017 (ECF No. 44) and finds that date to be appropriate.